**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

**SEPT. 27, 2021**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

MOHAMMED SAYEED MAHMOOD,   )
                                       )
           Plaintiff,          )
                                         )     Civil Action No. 1:21-cv-02432 (UNA)
v.                                  )
                                       )
SOCIAL SECURITY ADMINISTRATION,)
                                       )
          Defendant.       )

## <u>MEMORANDUM OPINION</u>

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case for the reasons discussed below. Plaintiff has also filed a motion to expedite hearing, ECF No. 3, and motion for CM/ECF password, ECF No. 4. Both of those motions will be denied as moot.

First, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (court is required to dismiss a case "at any time" if it determines that the action is frivolous.)

Here, plaintiff "is an Indian national Software professional currently residing in his home country in the city of Hyderabad, India." Compl. ¶ 1. He sues the Social Security Administration ("SSA") for a host of wrongs dating from February 2000, when he "first visited the United States," to July 2016, when he last visited. *Id.* ¶ 2. While in the United States, plaintiff lived in several

cities, and from February 2002 to December 2010, he worked with multiple employers involving the same client, namely, "NYS Division of Disability Determinations (NYS-DDD)", a subdivision of NYS Office of Temporary and Disability Assistance (NYS-OTDA), located at One Commerce Plaza, 99 Washington Ave. Albany, NY 12210." *Id*. ¶¶ 5–6.  Plaintiff's last employment in the United States with "HTC Global Services, Inc. of Troy, MI to work with their client Aetna, Inc. Hartford, CT." ended in March 2013.  *Id*. ¶ 8–9.  Plaintiff alleges that from the beginning of his stay in the United States, he and his family "experienced frequent strange mental/physical sicknesses. They had uncountable Doctors, Hospitals, and Emergency Room visits for their frequent strange and life-threatening sicknesses.  Surprisingly, every test/procedure would show no major disease, but their health issues would never get better."  *Id*. ¶ 7.

Plaintiff alleges that since 2000, defendant has "engaged in wrongful conduct causing harm and torture by targeting remotely using electronic/microwave weapons, electronic radiations, electric current, energy attacks, as well as executing mind control activities."  *Id*. ¶ 12.  The allegations mostly continue in this fashion. *See id*. at pp. 3–5.  For example, he contends that between December 2010 and January 2020, defendant "wrongfully acted by intensifying electronic/microwave weapons and energy attacks causing sharp increase in Plaintiff's mental and physical sicknesses that forced him to repeatedly quit his employments in the United States and in India.  Defendant is not allowing the Plaintiff to work anywhere."  *Id.* ¶ 18.

Apart from the alleged "non-stop" mind control, stalking, cyber-stalking, cyber-bullying, and cyber-harassment," *id.* ¶ 16, plaintiff contends that, from January 2011 to date, defendant "tapped" his "Indian phone line(s) and internet-based communications in Hyderabad, India[,]" *id.* ¶¶ 15, 44, and "collaborated" with his former non-federal employers, and government officials in India and the United States, to harm his reputation, "dictate" and "reduce" his "work assignment

and responsibilities" in both the United States and India, all of which created a hostile work environment, and eventually rendered him unemployed with a resulting loss of his immigration status, *id.* ¶¶ 14–15, 17, 20, 27, 31, 38, 47–52, 57, 60–1.  Finally, he alleges that between October 2013 and July 2018, defendant unfairly and "repeatedly (3 times) denied Plaintiff's Disability Insurance claim for benefits. His fourth application for Disability Insurance claim is pending since Dec[ember] 2019 which Defendant did not approve until today."  *Id.* ¶¶ 19, 27–8.   He demands damages and various forms of injunctive relief.  *See id.* at p. 10.

This court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint[1] satisfies this standard, and therefore, shall be dismissed.

Second, to the extent that plaintiff seeks this court's review of SSA's denial of benefits, plaintiff has failed to clearly identify a "final decision of the Commissioner of Social Security[.]"

---

[1]      The court also takes judicial notice of a substantially similar complaint recently filed by plaintiff in this District against the Department of Homeland Security ("DHS").  *See Mahmood v. Dep't of Homeland Security*, No. 21-cv-01772 (UNA) (D.D.C. filed July 2, 2021), at ECF Nos. 8, 9 (Aug. 5, 2021 Memorandum Opinion & Order) (dismissing with prejudice nearly identical claims against DHS as frivolous).

42 U.S.C. § 405(g).  Plaintiff broadly references, with very little accompanying detail, three occasions where he was denied benefits.  Compl. ¶ 19.  However, he then he contends that he was, in fact, granted benefits.  *Id*. Plaintiff fails to allege sufficient facts from which the SSA Commissioner may be able to reasonably identify the which of the three or four purported existing SSA decisions he is challenging.  Plaintiff attaches, as an exhibit and without much context, *see* ECF No. 1-1 at pp. 3–7, a copy of a single SSA initial determination, dated December 11, 2018. But only "after any *final decision* by the Commissioner of Social Security made after a hearing to which he is a party" may a plaintiff seek judicial review in a federal district court.  42 U.S.C. § 405(g) (emphasis added); *see, e.g., Ford v. Astrue*, 808 F. Supp. 2d 150, 153 (D.D.C. 2011).

Even assuming *arguendo* that this initial determination somehow constituted a final decision, it does not appear that plaintiff has exhausted his administrative remedies prior to filing this lawsuit.  "[F]inal SSA decisions eligible for judicial review follow four steps of an administrative review process: (1) an initial determination; (2) a reconsideration determination; (3) a hearing before an ALJ; and (4) review by the Appeals Council."  *Beattie v. Astrue*, 845 F. Supp. 2d 184, 191 (D.D.C. 2012) (citation omitted).  And the complaint sets forth no facts from which the court could conclude that waiver of the exhaustion requirement is warranted, for example, where: (1) the issue raised is entirely collateral to a claim for payment, (2) plaintiff shows that he would be irreparably injured were the exhaustion requirement enforced against him, or (3) exhaustion would be futile. *Hall v. Sebelius*, 689 F. Supp. 2d 10, 18 (D.D.C. 2009) (citations omitted).

For all of these reasons, this case is dismissed without prejudice, and the pending motions are denied as moot.  A separate order accompanies this memorandum opinion.


_____/s/_____
AMY BERMAN JACKSON
United States District Judge

Date:  September 27, 2021